(April 13, 1987)

■ AARVAC PROPERTIES CORP. et al., Respondents, v STERLING & FLEETWOOD COMPANY et al., Defendants, and NORMAN RUSSAKOFF, Appellant.—In an action, inter alia, to recover damages for legal malpractice, the defendant Norman Russakoff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November 27, 1985, as denied his cross motion to dismiss the second amended complaint insofar as it is asserted against him, granted the plaintiffs' motion to add Dominick Iengo, Louis Iengo, and Susan Iengo, as executrix of the estate of John Iengo, as parties plaintiff, and upon granting the plaintiffs' motion and the cross motion of defendant Sterling & Fleetwood Company to dismiss the second amended complaint insofar as it is asserted against it, amended the title of the action to read as follows:

"AARVAC PROPERTIES CORP., 115 STERLING CORP. and FLEETWOOD AUTO SALES CORP. PENSION PLAN TRUST, DOMINICK IENGO, LOUIS IENGO, SUSAN IENGO, as Executrix of the Estate of JOHN IENGO,

Plaintiffs,

against

"NORMAN RUSSAKOFF,

Defendant".

Ordered that the order is modified, by deleting the provision thereof which amended the title; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Supreme Court, Kings County, for the amendment of the title of the action to conform with the present status of the parties.

The court did not dismiss the appellant's cross claim for indemnification or contribution against certain corporations and an individual who were named as his codefendants. The plaintiffs' complaint has been dismissed against some of those named codefendants. Therefore, the court should have converted the cross claim into a third-party action against the former codefendants, and amended the title of the action to reflect that change in status. The matter has been remitted for the proper amendment of the title to conform with the present status of the parties.

The remaining claims of error asserted by the appellant are without merit. Mollen, P. J., Thompson, Eiber and Sullivan, JJ., concur.